T.C. Memo. 1999-38

UNITED STATES TAX COURT

JAMES H. PUGH, JR., AND ALEXIS C. PUGH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27237-96.                    Filed February 8, 1999.

<u>Charles H. Egerton</u> and <u>Jane D. Callahan</u>, for petitioners.

<u>Judith C. Winkler</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Chief Judge</u>:  Respondent determined deficiencies in
petitioners' Federal income tax of $83,181 and $76,723 and
penalties under section 6662(c) of $16,636 and $15,432 for the
taxable years 1990 and 1991, respectively.  After concessions,
the issues for decision are:

(1) Whether petitioner James H. Pugh, Jr. (petitioner), may
increase his basis in stock of an S corporation by the amount of

discharge of indebtedness income (also referred to as cancellation of debt (COD) income) excluded from gross income under section 108(a), and (2) whether petitioners are liable for the accuracy-related penalties for negligence or disregard of rules or regulations for 1990 and 1991. Respondent has conceded that portion of the penalty for each year that relates to the first issue to be decided in this case. Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case was submitted fully stipulated pursuant to Rule 122. The stipulated facts are incorporated herein by this reference. Petitioners resided in Orlando, Florida, at the time they filed the petition.

Background

The first issue in this case concerns petitioner's interest in Epoch Capital Corporation (ECC). ECC was incorporated in the State of Florida on December 10, 1987. ECC had properly elected to be treated as an S corporation pursuant to section 1362 prior to 1990, and such election was effective for ECC's taxable year ended December 31, 1990.

ECC realized COD income during 1990 in the amount of $661,357. ECC was liquidated in 1990. Articles of Dissolution were filed with the State of Florida on December 18, 1990. Petitioner did not receive any distributions from ECC upon

liquidation. Petitioner's ECC common stock became worthless during 1990.

In completing its 1990 Form 1120S, U.S. Income Tax Return for an S Corporation, ECC properly excluded the COD income from its income pursuant to section 108. On petitioner's Schedule K-1 (Form 1120S), Shareholder's Share of Income, Credits, Deductions, Etc., ECC separately stated the COD income and reported petitioner's pro rata share in the amount of $612,245. Petitioner increased his basis in his ECC stock in 1990 by the $612,245. Petitioner's basis in his ECC stock on December 31, 1990, taking into account all adjustments other than that for ECC's COD income, was $394,802. On petitioners' 1990 Federal income tax return, they reported a capital loss with respect to the ECC stock commensurate with petitioner's reported basis in the stock. On their 1991 return, petitioners carried forward and reported capital losses from 1990. Coopers & Lybrand, a certified public accounting firm, prepared petitioners' tax returns for 1990 and 1991 and ECC's return for 1990.

Respondent disallowed the inclusion of the COD income in petitioner's basis in his ECC stock and reduced Mr. Pugh's loss accordingly. Respondent also determined increases in petitioners' income in the amounts of $60,077 and $5,763 for 1990 and 1991, respectively, for gain on the sale of stock in Epoch Management, Inc., which sale petitioners failed to report on their returns. Petitioners have conceded the latter adjustments. Respondent determined accuracy-related penalties for 1990 and

1991, having determined that the underpayments of tax were "due to negligence or intentional disregard of rules and regulations."

## Discussion

### Inclusion of COD Income in Basis

Petitioners argue that petitioner was correct in increasing the basis in his ECC stock by his share of the COD income. In Nelson v. Commissioner, 110 T.C. 114 (1998), we held that COD income realized and excluded from gross income under section 108(a) does not pass through to shareholders of an S corporation as an item of income in accordance with section 1366(a)(1) so as to enable an S corporation shareholder to increase the basis of his stock under section 1367(a)(1). Petitioners do not distinguish this case from Nelson v. Commissioner, supra. They ask us to overrule a recent Court-reviewed opinion, as being decided incorrectly. We decline to do so. Accordingly, we hold that petitioner may not increase the basis in his ECC stock by his share of the COD income.

### Accuracy-related Penalties

Section 6662(a) imposes an accuracy-related penalty of 20 percent on any portion of an underpayment of tax that is attributable to items set forth in section 6662(b). Included in those items is negligence or disregard of rules or regulations. Sec. 6662(b)(1). Section 6662(c) provides that for purposes of section 6662, "the term 'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title,

and the term 'disregard' includes any careless, reckless, or intentional disregard."

The accuracy-related penalty will not be imposed with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to determine the taxpayer's proper tax liability. Id.

Respondent determined that petitioners' underpayments of tax were due to negligence or intentional disregard of rules or regulations. Respondent since has conceded the portions of the penalties related to the COD issue. The remaining portions of the penalties relate to the income conceded by petitioners; i.e., the gain on the sale of stock in Epoch Management, Inc.

Petitioners argue that they were not negligent, but merely mistaken, in their reporting position with respect to the Epoch Management, Inc. stock. They state in their brief that they concluded they could recover all of their basis before reporting any gain. They also allege that their failure to include the gain was inadvertent, in view of the amounts of the adjustment resulting from this omission ($60,077 and $5,763 for 1990 and 1991, respectively) as compared to the total income reported ($778,781 and $1,215,732, respectively).

Petitioners have supplied us with no evidence with respect to the Epoch Management, Inc., stock transaction or with respect to their decision that the gain on the sale of the stock was not includable in income. Petitioners have the burden of proof on this issue. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1933). The fact that this case was submitted fully stipulated does not alter the burden of proof. Rule 122(b); <u>Alumax Inc. v. Commissioner</u>, 109 T.C. 133, 160 (1997), affd. __ F.3d __ (11th Cir., Jan. 21, 1999). Petitioners have failed to establish that they were not negligent with respect to the underpayments stemming from the omission of the gain from the sale of the Epoch Management, Inc., stock. Therefore, we hold that they are liable for the portions of the accuracy-related penalties related to that gain.

In keeping with the parties' concessions and our holdings as set forth above,

<u>Decision will be entered under Rule 155</u>.
